Mary E. McCutcheon (State Bar No. 099939)
mmccutcheon@fbm.com
Tyler C. Gerking (State Bar No. 222088)
tgerking@fbm.com
Brett R. Wheeler (State Bar No. 260714)
bwheeler@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiffs
SEAGATE TECHNOLOGY LLC,
SEAGATE TECHNOLOGY
INTERNATIONAL, SEAGATE
SINGAPORE INTERNATIONAL
   HEADQUARTERS PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, a Delaware corporation, SEAGATE TECHNOLOGY INTERNATIONAL, a Cayman Islands Company; SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE LTD, a Singapore corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation,<br><br>Defendants. | Case No. 4:09-cv-04120-CW<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**<br><br>Judge:              Hon. Claudia Wilken<br>Courtroom:      2<br><br>Complaint Filed:    September 4, 2009 |

The parties to the above-captioned action (the "Action") recognize that the case involves information and documents of parties and non-parties from whom discovery may be sought that, under applicable law, is confidential.  In order to protect the confidential information obtained by

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO.  4:09-CV-04120-CW

23143\2117969.1

the parties in connection with this Action and to ensure that documents produced in the Action are not used or disclosed except in connection with the Action, the parties, through their counsel of record, hereby stipulate and agree as follows:

    A.    Any party or non-party may designate as "Confidential," as set forth herein, any document or information which that party or witness considers in good faith to contain non-public, confidential, trade secret, proprietary, or private financial information subject to protection under applicable law (hereinafter referred to as "Confidential Information").

    B.    No information, whether designated Confidential or not, may be used for any purpose other than the prosecution or defense of the Action.

    C.    A party or non-party may designate a document produced by it, which a party or witness considers in good faith to contain Confidential Information, by marking the document "Confidential."

    D.    A party or non-party may designate information disclosed by it during a deposition or in response to written discovery which that party or witness considers in good faith to contain Confidential Information by so indicating in said responses or on the record at the deposition. Additionally a party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript (or portions of the videotape) and/or specific responses be treated as Confidential Information.  All costs associated with the preparation of separate confidential and non-confidential transcripts and videotapes or of executing procedures for denominating Confidential Information in transcripts as referenced in this Section shall be borne by the designating party who shall also arrange for separate payment for such services through the service provider(s).

    E.    Any Confidential Information that is inadvertently produced without written notice or identification as to its confidential nature may be so designated in writing by the producing party after the realization that the Confidential Information has been produced without such designation.  However, until the discovery materials are designated Confidential as set forth above, the parties shall be entitled to treat the material as non-confidential.  Upon designation,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO. 4:09-CV-04120-CW
- 2 -
23143\2117969.1

such Confidential Information shall then be treated as Confidential in accordance with the provisions of this Order.

F.   Any non-designating party may object to any confidentiality designations or any proposed confidentiality designations in writing or on the record.  Upon such an objection, the parties shall follow the procedures described in paragraph J below.  After any confidentiality designation is made according to the procedures set forth in paragraphs C, D or E, the designated documents or information shall be treated as confidential until the objection is resolved according to the procedures described in paragraph J below.

G.   Except with the prior written consent of the party or non-party designating documents or other information Confidential or upon prior order of this Court obtained upon notice to such other counsel, Confidential Information shall not be disclosed to any person other than:

1.   Counsel of record for the respective parties to the Action, including in-house counsel, co-counsel or insurance counsel;

2.   Employees of such counsel assisting in the conduct of the Action for use in accordance with this stipulation and order;

3.   The parties to the Action (including their employees and affiliates);

4.   Consultants or experts retained for the prosecution or defense of the Action, provided that each such consultant or expert shall have executed a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information) before being shown or given any Confidential Information;

5.   Any authors of the Confidential Information and any individuals shown to have been an original recipient of the Confidential Information;

6.   The Court, court personnel, and court reporters in the Action;

7.   Any mediator or arbitrator retained by any two or more parties to the Action;

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO.  4:09-CV-04120-CW
- 3 -
23143\2117969.1

8. Mock jurors and related service providers, provided that each juror and related service provider shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

9. Persons engaged by any counsel or party to the Action to photocopy, image, or maintain the Confidential Information;

10. Witnesses (other than persons described in paragraph G(5)).  A witness shall be requested to sign the Certification annexed to this Order before being shown Confidential Information.  Any witness who will not sign the Certification as requested may nevertheless be shown Confidential Information only in a deposition (or at trial as provided for in paragraph N).  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph D above.  Witnesses who will not sign the Certification as requested but who are shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information;

11. Other persons only (i) after notice to all parties and upon order of the Court, or (ii) upon written consent of the producing party;

12. Under no circumstances shall any Confidential Information or information derived from Confidential Information, be communicated, directly or indirectly, to any member or form of the press or media, or any other person or entity, without the prior consent of the party or non-party that designated the Confidential Information;

H. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed in the manner provided by the applicable Northern District of California Civil Local Rules which are currently 3-17 and 79-5.

I. Information produced by non-parties may be designated as "Confidential" pursuant to paragraphs C, D, or E of this Order.  Nothing herein shall restrict a party or non-party from using or disclosing its own Confidential Information in any manner it deems appropriate.

J. If a party contends that any material designated as "Confidential" is not entitled to confidential treatment, that party may at any time give written notice challenging the designation

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO.  4:09-CV-04120-CW
- 4 -
23143\2117969.1

to the party that designated the material (the "designating party") as "Confidential." The designating party shall respond in writing to the notice challenging the designation within five (5) calendar days, or within such other period of time as may be agreed upon by the parties. If the designating party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal. If the parties are unable to resolve their dispute over the designation of the material, any party may move the Court for an order removing the designation or affirming that the designation was properly made. In the event that any such motion is made, the party that designated the material as "Confidential" shall have the burden of establishing that the material is entitled to confidential treatment.

      K.     Notwithstanding any challenge to the designation of material as Confidential Information, all material shall be treated as confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

      1.     The party or non-party who designated the material as Confidential Information withdraws such designation in writing; or

      2.     The Court rules the material is not Confidential Information.

      L.     In the event any Confidential Information is subpoenaed or requested during the pendency of the Action by any court, regulatory, administrative, law enforcement or legislative body or any person or litigant purporting to have authority to subpoena or request such information, including requests based on any state or federal Freedom of Information Act, notice will be given to the designating party or non-party upon receipt. In addition, no Confidential Information shall be so disclosed earlier than the designated date in the subpoena, so as to enable the party or non-party to have a reasonable opportunity to seek appropriate relief.

      M.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed to by the producing party in writing or ordered by this Court. Upon conclusion of the Action, a party in possession of documents designated Confidential, other than that which is contained in attorney work product, discovery responses, deposition transcripts and documents filed with the Court, shall upon written request after termination of the Action either (a) return

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO. 4:09-CV-04120-CW
- 5 -
23143\2117969.1

1  such documents no later than 90 days after the request to counsel for the party or non-party who
2  provided such documents, or (b) destroy such documents within 90 days upon written consent of
3  the party or non-party who provided the documents, and certify in writing within 90 days that the
4  documents have been destroyed.

5        N.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the
6  use of Confidential Information at trial and will continue to apply to Confidential Information
7  unless or until such information is placed in the public record. Nothing herein shall preclude a
8  party from requesting that information used at trial be admitted under seal in accordance with
9  procedures established by the Court at a pretrial conference and applicable law.

10       O.    Nothing herein shall be deemed to waive any applicable privilege or protection, or
11 to affect the ability of a party or non-party to seek relief under Federal Rule of Evidence 502 and
12 other applicable law. Except as may be expressly agreed to the contrary, the parties do not intend
13 to disclose material that is subject to any applicable privilege or protection.

14       P.    This Order may be modified only by the written consent of all parties to the Order
15 and the Court, or, with respect to the Confidential Information of a specific party or non-party, by
16 the written consent of that party or non-party that designated the Confidential Information.
17 Nothing contained herein shall be construed or applied to alter or limit the rights of any party
18 under any applicable insurance policies. This Order shall not prevent any party from later
19 seeking to modify its terms or from seeking any such further provisions or relief as may be
20 deemed appropriate or desirable.

21       Q.    The parties will remain bound by this Order and the Court shall retain jurisdiction
22 to enforce this Order after termination of the Action.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO. 4:09-CV-04120-CW
- 6 -
23143\2117969.1

|   |   |   |
|---|---|---|
| 1 | SO STIPULATED. | |
| 2 | Dated: May 17, 2010 | Respectfully submitted, |
| 3 | | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and |
| 4 | | INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA |

By: _____

    Rebecca R. Weinreich, Esq.
    Lewis Brisbois Bisgaard & Smith LLP
    221 North Figueroa Street
    Los Angeles, CA 90012
    (213) 250-1800 Telephone
    (213) 481-0621 Facsimile


SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY INTERNATIONAL, SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE LTD


By: _____

    Mary E. McCutcheon (State Bar No. 099939)
    Tyler C. Gerking (State Bar No. 222088)
    Brett R. Wheeler (State Bar No. 260714)
    Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
    San Francisco, CA 94104
    Telephone: (415) 954-4400
    Facsimile: (415) 954-4480


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____5/27/2010_____

_____
The Honorable Claudia Wilken
United States District Judge

SO STIPULATED.

Dated: May /7, 2010

Respectfully submitted,

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

By: _____

Rebecca R. Weinreich, Esq.
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street
Los Angeles, CA 90012
(213) 250-1800 Telephone
(213) 481-0621 Facsimile

SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY INTERNATIONAL, SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE LTD

By: _____

Mary E. McCutcheon (State Bar No. 099939)
Tyler C. Gerking (State Bar No. 222088)
Brett R. Wheeler (State Bar No. 260714)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
The Honorable Claudia Wilken
United States District Judge

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO. 4:09-CV-04120-CW

- 7 -

23143\2117969.1

1  SO STIPULATED.

2  Dated: May __, 2010                           Respectfully submitted,

3                                                NATIONAL UNION FIRE INSURANCE
                                                 COMPANY OF PITTSBURGH, PA and
4                                                INSURANCE COMPANY OF THE STATE OF
                                                 PENNSYLVANIA
5

6

7                                                By: _____

                                                    Rebecca R. Weinreich, Esq.
8                                                   Lewis Brisbois Bisgaard & Smith LLP
                                                    221 North Figueroa Street
9                                                   Los Angeles, CA 90012
                                                    (213) 250-1800 Telephone
10                                                  (213) 481-0621 Facsimile

11

                                                 SEAGATE TECHNOLOGY LLC, SEAGATE
12                                               TECHNOLOGY INTERNATIONAL, SEAGATE
                                                 SINGAPORE INTERNATIONAL
13                                               HEADQUARTERS PTE LTD

14

15                                               By: _____

16                                                  Mary E. McCutcheon (State Bar No. 099939)
                                                    Tyler C. Gerking (State Bar No. 222088)
17                                                  Brett R. Wheeler (State Bar No. 260714)
                                                    Farella Braun & Martel LLP
18                                                  235 Montgomery Street, 17th Floor
                                                    San Francisco, CA 94104
19                                                  Telephone: (415) 954-4400
                                                    Facsimile: (415) 954-4480
20

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

    Dated: _____
24

25
                                                 _____
26                                                   The Honorable Claudia Wilken
                                                     United States District Judge
27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO. 4:09-CV-04120-CW                - 7 -                                    23143\2117969.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Seagate Technology LLC v. National Union Fire Insurance Company of Pittsburgh, PA,* Case No. 09-cv-04120-CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                      [printed name]

Signature: _____
                [signature]

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
CASE NO.  4:09-CV-04120-CW

- 8 -

23143\2117969.1