United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY INTERNATIONAL and SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE LTD,

Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

Defendants.
________________________________/

No. 09-04120 CW

ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This case presents a dispute about the duty to defend and the proper forum to address related unpaid attorneys' fees. Defendants National Union Fire Insurance Company of Pittsburgh, PA (National Union) and Insurance Company of the State of Pennsylvania (ISOP) move to compel arbitration and stay the case. Plaintiffs Seagate Technology, Seagate Technology International and Seagate Singapore International Headquarters (Seagate) oppose the motion and separately move for partial summary judgment that Defendant ISOP breached its duty to defend. ISOP opposes that motion. Having considered all of the papers filed by the parties, the Court denies Defendants' motion to compel and grants Plaintiffs' motion for

partial summary judgment.

BACKGROUND

National Union and ISOP issued foreign and domestic commercial general liability policies to Seagate for two consecutive policy periods beginning on September 30, 2006 and ending on September 30, 2008. These policies covered damages because of "personal and advertising injury," which includes claims of "oral or written publication in any manner, of material that slanders or libels a person or organization or disparages a person or organization's goods, products or services." Weinreich Decl., Exh. B, C. The policies imposed a duty on National Union and ISOP to defend suits for such personal and advertising injury until the policies' limits of liability were exhausted by indemnity payments.

Over the past several years, Seagate initiated multiple actions against several eSys entities alleging various claims. The contracts on which Seagate sued contained various dispute resolution and forum selection provisions requiring Seagate to pursue its claims in multiple venues. As a result, Seagate filed one lawsuit in the Santa Cruz County Superior Court, two lawsuits in Singapore and three arbitration actions. eSys filed counterclaims against Seagate in the each of the underlying actions. The counterclaims included the allegation that Seagate defamed eSys.

Seagate tendered the eSys counterclaims in the underlying Singapore and Santa Cruz actions to National Union and ISOP, and it tendered the counterclaim in the underlying arbitration claims to ISOP only. National Union and ISOP agreed to defend Seagate, under

reservation of rights, against the eSys counterclaims. In their letters expressing their reservation of rights, National Union and ISOP noted that Seagate had retained its own counsel to defend these matters and that they would compensate such independent counsel at an hourly rate comparable to the hourly rate that they compensate counsel of their own selection in similar matters. Weinreich Decl., Exhs. B, C.

The underlying Singapore, Santa Cruz, and arbitration claims settled without payment by Seagate of any amounts that would be subject to indemnity under Defendants' policies. Thus, this case is not a dispute about indemnity. Rather, the dispute is about attorneys' fees and costs related to the defense of Seagate in the underlying cases.

In June, 2008, Seagate began submitting defense attorneys' invoices to National Union and ISOP. From December, 2008 until the conclusion of the last case in June, 2009, Seagate's defense counsel sent National Union and ISOP regular reports on their activities and the status of the litigation. Coll-Very Decl. ¶¶ 12-14. These included quarterly status reports; biweekly minutes of meetings among Seagate and the various attorneys defending the underlying actions; pleadings; and descriptions of various events in the actions, such as depositions, witness interviews and hearings. Id.

Seagate has submitted defense invoices to National Union and ISOP in the following amounts (1) arbitration actions -- $11,218,749.28, (2) Santa Cruz action -- $2,336,670.64 and (3) Singapore action –- $2,253,433.48. National Union and ISOP

have paid nothing in connection with the Santa Cruz action and ISOP has paid nothing in connection with the arbitration. Defendants have paid $130,579.40 for the Singapore actions. On September 4, 2009, Seagate filed suit against National Union and ISOP alleging two causes of action: (1) breach of contract as to the duty to defend and (2) tortious breach of the implied covenant of good faith.

DISCUSSION

I. California Civil Code Section 2860 and the Duty to Defend

Defendants argue that California Civil Code section 2860 mandates arbitration of the instant lawsuit. That section provides, in relevant part, “If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured . . .” Cal. Civ. Code § 2860(a). Unless otherwise provided for in an agreement between the parties, “[a]ny dispute concerning attorney’s fees . . . shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.” Id. § 2860(c).

Plaintiffs argue that Defendants may not rely on section 2860 to compel arbitration because Defendants breached their duty to defend. Plaintiffs move for partial summary judgment against ISOP on this issue.

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the

evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if it is supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the present case, ISOP does not dispute that it had a duty to defend Seagate in the underlying Singapore, Santa Cruz and arbitration actions. The issue is whether ISOP breached its duty to defend by paying only a small portion of the bills incurred by Seagate in the underlying Singapore action and not paying any portion of the bills incurred by Seagate in the Santa Cruz and arbitration matters.

Thus, the dispute is not over whether ISOP owes Seagate money,

but how much money it owes. ISOP asserts that it has withheld payment because it has not received sufficient information to pay the bills in the underlying actions. ISOP contends that the amount of recoverable fees and costs must be adjudicated before Seagate can succeed on its claim for a breach of the duty to defend.

ISOP relies on Dynamic Concepts, Inc. v. Truck Insurance Exchange, 61 Cal. App. 4th 999, 1010-11 (1998), for the proposition that it is allowed a reasonable time period to review Seagate's bills before being required to pay them. Dynamic does not stand for this proposition. In Dynamic the court held that an insurer may appoint its own defense counsel while evaluating whether independent counsel is required under section 2860, so long as it completes that evaluation within a reasonable amount of time. Id. The court did not speak to the amount of time an insurer can wait before paying defense counsel's bills after an independent counsel is selected.

When an insurer has a duty to defend, it must "mount and fund a defense." Buss v. Superior Court, 16 Cal. 4th 35, 58 (1997). "To defend meaningfully, it must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those are at least potentially covered from those that are not. To do so would be time consuming. It might also be futile." Id. at 59. In a "mixed" action, in which some of the claims are at least potentially covered and the others are not, the insurer has a "duty to defend the entire 'mixed' action prophylactically, as an obligation imposed by law." Id. at 48. Accepting only a share of the defense burden is equivalent to breach of the duty to defend.

Haskel v. Superior Court, 33 Cal. App. 4th 963, 976 n.9 (1995) ("[W]e will treat Hartford's acceptance of a 13 percent share of the defense burden as the equivalent of a defense denial. Such a unilateral limitation of its responsibility is not justified. If it owes any defense burden it must be fully borne with allocations of that burden among other responsible parties to be determined later.") (internal citation omitted).

After the insurer has defended the action entirely, it may seek reimbursement for defense costs that are not potentially covered by the policy. Id. at 52. "Without a right of reimbursement, an insurer might be tempted to refuse to defend an action in part -- especially an action with many claims that are not even potentially covered and only a few that are -- lest the insurer give, and the insured get, more than they agreed." Id. at 52. The court in Buss also noted that its holding does not "change the insurer's duty to defend the entire 'mixed' action into an obligation merely to pay defense costs only as to the claims that are at least potentially covered." Id. at 59 n.23 (emphasis in original).

Because ISOP has failed timely to pay Seagate any defense costs related to the Santa Cruz and arbitration actions, and only a small portion of the Singapore actions, ISOP breached its duty to defend these claims. Once it has paid, ISOP can seek reimbursement for all unreasonably incurred fees and for fees associated with uncovered claims.

The next question is whether this breach extinguishes ISOP and National Union's right to compel arbitration under section 2860.

United States District Court
For the Northern District of California

The Court concludes that it does. "To take advantage of the provisions of § 2860, an insurer must meet its duty to defend and accept tender of the insured's defense, subject to a reservation of rights." Concept Enterprises v. Hartford Insurance Company of the Midwest, 2001 WL 34050685, *3 (C.D. Cal.); see California v. Pacific Indem. Co., 63 Cal. App. 4th 1535, 1544 (1998) (noting the trial court's unchallenged finding "that [the insurer] had materially breached its duty to defend, and therefore had forfeited its right to participate in or control the . . . defense, whether based on Civil Code section 2860 or otherwise). In Concept Enterprises, the court refused to compel arbitration or calculate fees under section 2860 because the insurer breached its duty to defense by paying some, but not all, of the defense costs owed. Id. at *3-4. The court concluded that the insurer had "failed to satisfy the factual predicate of § 2680," barring it from "belatedly invok[ing] that section's arbitration and rate provisions." Id., at *3. Here, the Court finds that ISOP failed to satisfy this factual predicate by breaching its duties to defend Seagate in the arbitration, Santa Cruz and Singapore actions. Accordingly, ISOP cannot avail itself of the arbitration provision set forth in section 2860.[1] Although Seagate did not move for partial summary judgment against National Union on the issue of breach of the duty to defend, the Court concludes that arbitration under 2860 is similarly unavailable for the claims against it

---

[1]The Court need not determine whether Defendants waived their right to assert section 2860 by failing to include that defense in their answer.

United States District Court
For the Northern District of California

because National Union has failed to pay Seagate any defense costs related to the Santa Cruz action and has paid only a small portion of the costs related to the Singapore action.

CONCLUSION

For the foregoing reasons, the Court denies National Union and ISOP's motion to compel arbitration and grants Seagate's motion for partial summary judgment.

IT IS SO ORDERED.

Dated: 07/21/10

CLAUDIA WILKEN
United States District Judge