1  Rebecca R. Weinreich, State Bar No. 155684
   weinreich@lbbslaw.com
2  Stephen V. Kovarik, State Bar No. 184656
   kovarik@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California  90012
   Tel: (213) 250-1800
5  Fax: (213) 481-0621

6  Attorneys for Defendants National Union
   Fire Insurance Company of Pittsburgh, Pa.
7  and Insurance Company of the State of Pennsylvania

8  Mary E. McCutcheon, Esq.
   Tyler C. Gerking, Esq.
9  Brett R. Wheeler, Esq.
   **FARELLA BRAUN + MARTEL, LLP**
10 235 Montgomery Street, 17th Floor
   San Francisco, California  94104
11 Tel: (415) 954-4400
   Fax: (415) 954-4480

12
   Attorneys for Plaintiffs Seagate Technology, LLC, Seagate Technology International,
13 and Seagate Singapore International Headquarters PTE LTD

14                     UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

16

| | |
|---|---|
| 17 SEAGATE TECHNOLOGY LLC, a Delaware corporation; SEAGATE TECHNOLOGY INTERNATIONAL, a Cayman Islands Company; SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE LTD, a Singapore corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, <br><br> Defendants. | CASE NO. CV-09-4120-CW <br><br> The Honorable Claudia Wilken <br> Courtroom 2 <br><br> **STIPULATION AND ORDER BIFURCATING PLAINTIFFS' CLAIM FOR *BRANDT* FEES** |

28

4817-0014-4646.3

**LEWIS BRISBOIS**

1    **WHEREAS**, plaintiffs Seagate Technology, LLC, Seagate Technology International, and
2 Seagate Singapore International Headquarters PTE LTD (collectively, "Seagate") have filed a
3 Complaint against National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union")
4 and Insurance Company of the State of Pennsylvania ("ISOP") alleging claims for relief for Breach
5 of Contract and Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing. *See*
6 Docket Item No. 1.

7    **WHEREAS**, Seagate seeks the recovery of, among other things, its attorney's fees (*Brandt*
8 fees) incurred in in obtaining policy benefits in this action. *See* Docket No. 1.

9    **WHEREAS**, Seagate contends the amount of its *Brandt* fees continue to accrue during the
10 pendency of this action, and the full amount of the fees, if any, to which Seagate is entitled will not
11 be known until all work, including trial, necessary to obtain the policy benefits Seagate claims to
12 have been withheld in bad faith has been performed. National Union and ISOP contend that none of
13 the present litigation could give rise to *Brandt* fees as a matter of law.

14    **WHEREAS**, Seagate, National Union and ISOP believe the most efficient process for
15 resolving their disputes involves a bifurcated trial with the amount of *Brandt* fees, if any, due
16 Seagate being tried, if at all, only if and after the jury returns a verdict including a finding that
17 National Union and ISOP have breached the implied covenant of good faith and fair dealing such
18 that Seagate is entitled to *Brandt* fees.

19    **NOW THEREFORE**, pursuant to Civil L.R. 7-12, Seagate, National Union and ISOP, by
20 and through their respective counsel, hereby agree as follows:

21    1.    Seagate, National Union and ISOP stipulate to a bifurcated trial with Seagate's
22 entitlement to, and the amount of, *Brandt* fees being tried, if at all, only if and after the jury returns a
23 verdict providing a basis for the recovery of *Brandt* fees. Seagate, National Union and ISOP
24 propose the following procedure for the resolution of Seagate's *Brandt* fee claim:

25        a.    7 days after the return of the verdict, Seagate will produce to National Union
26              the evidence in support of its *Brandt* fee claim;
27        b.    28 days after the return of the verdict, Seagate will file a brief and expert
28              report in support of its *Brandt* fee claim;



      c.      National Union and ISOP may depose Seagate's fact and expert witnesses within the next 21 days;

      d.      Within 28 days of Seagate's submission of a brief and expert report, National Union and ISOP may file and serve an expert rebuttal report;

      e.      Within 14 days of National Union's and ISOP's expert rebuttal report, Seagate may take the deposition of National Union's and ISOP's expert witness;

      f.      45 days after Seagate's submission, National Union and ISOP will file a brief and evidence in opposition to Seagate's fee claim; and

      g.      7 days after National Union's and ISOP's submission, Seagate will file a reply memorandum.

2.      The parties will argue Seagate's *Brandt* fee claim to the Court.

DATED: August 2, 2010      LEWIS BRISBOIS BISGAARD & SMITH LLP

By   /s/ Stephen V. Kovarik
Rebecca R. Weinreich
Stephen V. Kovarik
Attorneys for Defendants
National Union Fire Insurance Company of Pittsburgh, Pa. and Insurance Company of the State of Pennsylvania

DATED: August 2, 2010      FARELLA BRAUN + MARTEL, LLP

By   /s/ Tyler C. Gerking
Attorneys for Plaintiffs
Seagate Technology, LLC, Seagate Technology International, and Seagate Singapore International Headquarters PTE LTD

**File's Attestation**: Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

DATED: August 2, 2010              Respectfully submitted,

             /s/ Stephen V. Kovarik
             Stephen V. Kovarik

**PURSUANT TO STIPULATION, IT IS SO ORDERED** subject to the Court's modification based on trial proceedings. The parties waive any jury trial right on the <u>Brandt</u> fee issue.

DATED: 8/3/2010              _Claudia Wilken_
           THE HONORABLE CLAUDIA WILKEN